Kichakdson, Ch. J.,
delivered the opinion of the court:
The claimant moves, under the proviso at the close of the Act of Congress of March 3,1891, entitled “An act making appropriations to supply deficiencies,” 6tc. (26 Stat. L., 908), that the court certify to the Secretary of the Treasury that as the personal representative of Peter C. Brooks, in whose behalf an award of $3,000 was made to pay a finding of the Court of Claims as indemnity to said Brooks for loss on the schooner *251 Industry by French spoliations prior to July 31,1801, “ he represents the next of kin” within the meaning of that proviso.
So much has been written and spoken concerning the French spoliation claims during a long series of years while they have been pressed upon Congress, that we can not but take judicial notice of objections raised against their payment so far as such objections appear to have given rise to provisions in the legislation on the subject beyond those objections which are involved in the fundamental question of the original liability of France and the United States, upon which the court has already fully expressed it unanimous opinion.
It has been declared and often reiterated that these claims had largely ceased to be owned by the families of the actual losers and had passed into the hands of speculators, who had purchased them at a great discount, and were besieging Congress, by the aid of claim agents and others, to pay the full amount of the original losses, by which great profits would accrue to them. Although emphatically denied, that allegation had come to be, if not believed, at least very much feared.
It was that idea which no doubt led to the insertion of the provision about assignees in the following section of the Act of 1885, January 20, ch. 25 (23 Stat. L., 283):
“That the court shall examine and determine the validity and amount of all the claims included within the description above mentioned, together with their present ownership, and if by assignee, the date of the assignment, with the consideration paid therefor.”
The same idea is again manifest in the proviso of the appropriation act making the first awards, and under which the present motion for a certificate is made.
It is due to truth and the facts of history to say that in all the cases already tried in this court we find the claims to have been retained, with the papers, documents, and other evidence, in the numerous families of the original losers with uncommon tenacity, still subject to distribution as assets of those who first made the, losses.
Peter C. Brooks is the principal, if not the only, assignee who has filed claims, and he does not otherwise appear as claimant. But he was no speculator. His losses were as direct and legitimate as were those of the owners of the property. He was a marine insurance broker, in those early days when all *252 marine insurance was effected by individual underwriters, each one insuring for himself alone such sum as he subscribed in the offices of some broker, who was the agent of both parties. It seems to have been the custom of Mr. Brooks to pay the loss himself as soon as one occurred in his office and to look to the underwriters for reimbursement. This was done, not because he was personally liable but no doubt to keep up the high standing of his office for credit, integrity, and promptness. And it does not appear that he is the assignee of underwriters in any office but his own.
In the present case, as appears by the findings as reported to Congress, the loss was paid by Mr. Brooks on or before February 20, 1799, and it was not until December, 1801, that he made a settlement with two of the underwriters, Wm. Smith and David Green, nor until February, 1805, that he effected a settlement with Benj. Bussey, the third underwriter. At those dates he took assignments of the respective claims of those underwriters. But the assignments were wholly unnecessary, for, having paid the amounts due from them, he became in law subrogated to their rights, and could have maintained an action in their names, if there had been anybody to be sued.
Mr. Brooks was thus an original loser, and can not be classed . among those who are supposed to have been assignees by purchase for purposes of speculation, if any such there be.
The course of Mr. Brooks in the manner in which he conducted his office and paid the losses can not be too highly commended, and it gave him the right to indemnity as an original loser subrogated to the rights of others whose obligations he took upon himself.
There is no doubt that it is the next of kin of Mr. Brooks that is to be certified to. It has been argued that Congress intended the “ next of kin ” of the owners of the vessels or the underwriters. But it appears that the owners were fully paid by the insurers, and that these underwriters never paid anything themselves; and so no losses were made by either. None of them are, therefore, entitled to indemnity, and Congress has very properly awarded them none, but has made the award to Mr. Brooks, the real and original loser.
The certificate will issue in usual form to Mr. Adams.